Case 2:07-cv-00633-LKK-DAD   Document 13   Filed 07/21/07   Page 1 of 3

NATHANIEL POTRATZ, ESQ., SBN 215734
LAW OFFICES OF NATHANIEL POTRATZ
4790 Dewey Drive, Suite A
Fair Oaks, California 95628
Telephone:   (916) 962-2780
Facsimile:    (916) 962-2705

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)

| | |
|---|---|
| Kathi Sherwood,<br><br>    Plaintiff,<br><br>v.<br><br>Blue Cross; Wayne Dahlgren, in his official and/or agency capacity, <u>not</u> in his individual capacity; Does 1 through 10, inclusive,<br><br>    Defendants. | **Case No.: 2:07 CV 00633 LKK DAD**<br><br>**DECLARATION OF KATHI SHERWOOD**<br><br>Date:   August 13, 2007<br>Time:   10:00AM<br>Room: 4<br>Judge: Karlton |

**DECLARATION OF KATHI SHERWOOD**

I, **Kathi Sherwood**, do hereby declare:

1. I am an adult, over the age of 18 years. I have personal knowledge of the facts stated herein, and if so called upon as a witness, could and would testify competently thereto.

2. All of the facts set forth in my Complaint filed with this court herein are true and correct. I strongly believe I was subjected to invidious age discrimination and was passed over and denied for promotion and humiliated in my department due to my manager Wayne Dahlgren promoting a young, inexperienced but pretty 24 year old named Ruby with a relatively poor work record instead of me, when I had 25 years of experience and a good work record.

3. I, Plaintiff Kathi Sherwood was told to just quickly sign off on a bunch of forms. One of the forms in question was one of dozens of pages which I had been handed, pre-employment paperwork and employee manuals and the like. I signed the forms because I was told I must sign or that I simply could not be hired with Blue Cross. I did not get the chance to

1

**DECLARATION OF KATHI SHERWOOD**

1  read, much less understand, the mandatory binding arbitration clauses and legalese in the thick
2  paperwork I was briefly given and told I must sign.  I was told that I needed to sign off on various
3  forms or else I would not be able to be hired.  I had no chance to read the dozens of pages before
4  signing various forms, nor was what I was signing explained to me by any agent of Blue Cross.

5        4.     I strongly believe and I assert that I had no reasonable alternative but to sign the
6  forms that were presented to me by Blue Cross, they were presented on a "take it or leave it"
7  basis, with no chance to modify or negotiate any of the terms.  It was presented as "sign all these
8  forms or you can't get the job."  There was absolutely no alternative, and certainly no opt-out
9  form.  It was very coercive and duressive, maybe not quite like having a gun to my head, but
10  pretty close to that.

11        5.     The mandatory binding arbitration provision that Defendants seek to enforce was
12  never explained to me by any agent of Blue Cross, and I, being an unsophisticated layperson did
13  not understand what such a provision would entail, even if I had actual knowledge of such, which
14  I did not.  My reasonable expectation was and is that, should I be age discriminated against,
15  harassed and lose my employment through my resignation as occurred, that I would have the
16  right to have my day in court in jury trial as usual.  It was never within my expectations that I
17  would lose my right to have my day in court because I signed some forms to become employed
18  with Blue Cross.

19        6.     The provision on the second page of "Application for Employment" dated 2/15/01
20  does not apply to me.  I voluntarily resigned from my position with Blue Cross and was never
21  involuntarily terminated, so such provision by its own language does not apply to me.

22        7.     As to the letter from Marilyn Hines dated February 23, 2001 and signed by me on
23  March 5, 2001, such does not apply because when I signed the agreement on 3/5/01, I signed as a
24  member of the Union, Local 29, but later I promoted to Sales and was no longer a union
25  employee. The letter states in pertinent part as follows: "the Service Assistant II is a position that
26  is covered under the bargaining unit agreement with Blue Cross of California and Office &
27  Professional Employees International Union, Local 29.  As an employee of Blue Cross of
28  California, you will be subject to the Company's binding arbitration procedures, as more fully

described in Human Resources Policy #613, Arbitration, and the enclosed brochure." When I signed the letter on 3/5/01, I signed as a member of the Union, Local 29.  I was promoted to Sales in August of 2005.  The Sales department was not under Union affiliation.  At that point I was no longer a union employee and no longer bound by the prior letter which applied as to me being a union employee and did not apply to me after I was promoted and transferred out of the union.  I never signed a new employee agreement after I transferred to Sales in August of 2005.  I know beyond a doubt that I was no longer bound by or under the Local 29 union and that letter thus did not apply to me after my promotion and transfer to Sales in August 2005.

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on July 21, 2007.

/s/ KATHI SHERWOOD

Kathi Sherwood, Declarant