IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHI SHERWOOD,

      Plaintiff,                      No. CIV S-07-0633 LKK DAD

     v.

BLUE CROSS, et al.,              ORDER

      Defendants.

_____/

        The parties have proposed a stipulated protective order re confidential information. The proposed order includes the following provision:

> If any parties file or lodge with the Court any documents or information deemed "confidential" pursuant to this Stipulation and Order, said documents or information shall be filed and served in sealed envelopes, or other appropriately sealed containers, which shall contain the following statement:
>
> > This envelope contains confidential documents filed under seal by [name of party] in accordance with a protective order. It is not to be opened or the contents thereof displayed or revealed except to the Court, by Court order, or by written agreement of all the parties hereto.

Stipulation for Protective Order and Proposed Order filed Jan. 22, 2008, ¶7.

/////

1

All documents filed with the court are presumptively public.[1] See <u>San Jose Mercury News, Inc. v. U.S. Dist. Court</u>, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which the parties may, in appropriate circumstances, propose means of protecting the claimed confidentiality of information in certain documents filed in a specific case. Fed. R. Civ. P. 26(c). Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights authorized in Rule 26(b). <u>United States v. CBS, Inc.</u>, 666 F.2d 364, 368-69 (9th Cir. 1982).

Whether or not a protective order is entered in any case is subject to the discretion of the court. See <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); <u>Phillips v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent disclosure of materials for many types of information"). A protective order will not be entered absent a showing of good cause. Fed. R. Civ. P. 26(c); <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1130-31 (9th Cir. 2003); <u>Phillips</u>, 307 F.3d at 1210 ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").

A party's desire for a protective order does not constitute good cause to bar the public from access to litigation documents. Rather, the party seeking protection bears the burden of showing specific prejudice or harm, including, with respect to individual documents, particular and specific need for protection. <u>Phillips</u>, 307 F.3d at 1210-11; <u>San Jose Mercury</u>

---

[1] A party may, however, have a right to protect from public disclosure information that has been produced to another party in discovery but has not been filed with the court. <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 33 & n.19, 37 (1984).

News, 187 F.3d at 1102-03.  "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary."  Phillips, 307 F.3d at 1211.

Stipulations and motions for entry of a protective order must (1) show a particularized need for protection as to each individual document or piece of information proposed to be covered by the order, (2) show why the need for protection should be addressed by court order, as opposed to a private agreement between or among parties, and (3) describe the types of documents or information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the types of documents or information. See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket stipulated protective orders "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document"). This court will not enter a discovery order or protective order that enables the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed.  Nor will the court approve an order giving blanket authority to the parties to designate what will be filed under seal.

Here, the stipulated protective order proposed by the parties would give the parties blanket authority to designate documents to be filed under seal.  The request for entry of the proposed order will be denied without prejudice to the submission of a stipulated protective order that cures this defect.  The parties may, of course, agree that specific documents to be filed with the court that disclose information derived from documents containing confidential information shall be submitted to the court either in redacted form in conformity with Local Rule 39-140 or with a proposed sealing order in conformity with Local Rule 39-141.

/////
/////
/////

1  Accordingly, IT IS ORDERED that the parties' January 22, 2008 request for entry
2  of a stipulated protective order (#20) is denied without prejudice.
3  DATED: January 23, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\sherwood0633.mpo