1   SEYFARTH SHAW LLP
    Kenneth D. Sulzer (SBN 120253)
2   2029 Century Park East, Suite 3300
    Los Angeles, CA  900067-3063
3   Telephone: (310) 277-2700
    Facsimile: (310) 201-5219
4
    SEYFARTH SHAW LLP
5   Alfred L. Sanderson, Jr. (SBN 186071)
    Diana R. Craig (SBN 221389)
6   400 Capitol Mall, Suite 2350
    Sacramento, California 95814-4428
7   Telephone: (916) 448-0159
    Facsimile: (916) 558-4839
8
    Attorneys for Defendants
9   BLUE CROSS OF CALIFORNIA, erroneously named as
    BLUE CROSS, and WAYNE DAHLGREN
10
    LAW OFFICES OF NATHANIEL POTRATZ
11  Nathaniel Potratz (SBN: 215734)
    4790 Dewey Drive, Suite A
12  Fair Oaks, CA  95628
    Telephone: (916) 926-2780
13  Facsimile:  (916) 962-2705
14  Attorney for Plaintiff
    KATHI SHERWOOD
15

16                    UNITED STATES DISTRICT COURT

17                    EASTERN DISTRICT OF CALIFORNIA

18  KATHI SHERWOOD,                      )   Case No. 2:07 CV 00633 LKK DAD
                                         )
19              Plaintiff,               )   **REVISED STIPULATION FOR**
                                         )   **PROTECTIVE ORDER AND ORDER**
20         v.                            )
                                         )
21  BLUE CROSS, et al.,                  )
                                         )
22              Defendants.              )
                                         )
23  _____     )

24      The parties, by and through their respective counsel of record, to protect certain

25  confidential discovery produced in this litigation, hereby stipulate as follows:

26      1.      It may be necessary for the parties to this lawsuit to respond to requests for

27  discovery that seek confidential information or documents, which are entitled to protection

28  against improper disclosure to the general public.

1    2.    Each party has or may propound discovery which seeks the production of

2    confidential information or documents as defined by this Stipulation and Order.  This

3    Stipulation, when and as approved by the Court, is intended to govern the production of

4    confidential information and documents pertaining to this litigation.

5    3.    The following definitions shall apply to this Stipulation and Order:

6    a.    "Party" or "parties" shall mean and refer to any party, plaintiff or

7    defendant, in the above-captioned matter.

8    b.    "Confidential information" shall mean and refer to the information and/or

9    documents which the party producing or receiving identifies as "confidential," or the Court

10   orders as confidential.  The term "Confidential" shall be stamped on written documents deemed

11   "confidential."

12   c.    "Documents" shall mean and refer to all written, photographic, or

13   electronic media, including computer print-outs and computer storage devices such as floppy

14   disks, electronic mail, extracts, summaries, attachments, and answers to requests for production.

15   d.    "Qualified persons" shall mean and refer to:

16   i.    The parties to this action;

17   ii.   Counsel of record for any party signatory to this Stipulation,

18   including all partners, shareholders, associate attorneys, and office personnel of that counsel's

19   law firm;

20   iii.  Consultants and/or experts retained to testify or assist in the

21   preparation for trial in this action;

22   iv.   Witnesses or deponents in this action and their counsel;

23   v.    Service providers used for copying of documents and preparation

24   of exhibits for proceedings in this case; and

25   vi.   Court personnel and stenographic reporters engaged in proceedings

26   as are necessarily incident to the preparation for trial and/or trial of this action, including

27   discovery proceedings and depositions.

28

2

SC1 17089558.2

4.      All documents, information and things deemed to contain confidential information under paragraph 3(b) above shall be brought within the protection of this Stipulation and Order by stamping the front page or cover sheet of such document "Confidential."  Such documents shall be kept confidential and shall not be disclosed, used, or copied, except as set forth hereafter and for purposes directly related to the prosecution or defense of this action, including the settlement thereof, and shall not be used or disclosed for any other purpose.

5.      Disclosure of confidential documents and information may be made only to "qualified persons" as defined in paragraph 3(d).  Each person designated by paragraph 3(d)(i), 3(d)(iii), 3(d)(iv) and 3(d)(v) above, to whom confidential documents or information are disclosed, shall be given a copy of this Stipulation and Order and shall sign the Non-Disclosure Agreement attached hereto as Attachment A, which shall be retained by counsel for the respective parties signatory to this Stipulation.

6.      Any deposition testimony deemed to contain confidential information shall be brought within the protection of this Stipulation and Order by orally designating on the deposition record the protected portion(s).

7.      The parties have entered into this Stipulation in a good faith effort to avoid potential discovery disputes.  Nothing in this Stipulation shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action or subject to discovery by any party or person prior to trial.  This Stipulation is not an admission by any party that documents designated "confidential" by another party are, in fact, confidential in nature.

8.      A claim of confidentiality does not conclusively establish confidentiality.  If the party receiving matter designated as "confidential" disputes a claim of confidentiality, the receiving party shall object in writing, state its intent to disclose, and request a release of confidentiality from the designating party.  The receiving party shall not disclose any designated matter until ten (10) days following its objection, or, if a motion for a protective order is filed by the designating party within that ten (10) days, until such motion is decided by the Court. Nothing in this Stipulation shall prevent either party from seeking additional protection against

3

1    discovery of any document or information.

2         9.      If any parties intend to file or lodge with the Court any documents or information

3    designated "confidential" pursuant to this Stipulation and Order, they shall give the designating

4    party (3) days advanced notice and meet and confer in good faith to determine whether

5    information in those documents can and should be redacted.

6         10.     The parties agree that in the event that any material designated as "confidential" is

7    used in any court proceeding in this action, it shall not lose its confidential status through such

8    use, and the party using confidential material shall maintain its confidentiality during such use.

9         11.     Inadvertent production of documents or information later determined by a party to

10   be confidential shall not be deemed a waiver of that party's right to later designate such

11   documents or information as confidential.  If a party produces documents or information without

12   designating that production "confidential," the producing party may later designate the

13   documents or information confidential, and such documents or information shall be subject to the

14   provisions of this Stipulation and Order from the date they are so designated.

15        12.     No later than (sixty) 60 days following the conclusion of these proceedings, all

16   documents and all copies of any documents which any party marked "Confidential" shall be

17   returned to that party.  To the extent that the document has been altered by an attorney's written

18   notes or other alteration protected by the attorney-client privilege or constituting protected work

19   product, the party in possession of the document shall destroy the document.  "Conclusion of

20   these proceedings" refers to the exhaustion of available appeals, or the running of time for taking

21   such appeals, as provided by applicable law.

22        13.     This Stipulation may be modified only by Stipulation signed by all signatories

23   hereto or by order of the Court.  Any party or non-party may apply to the Court at any time to

24   seek modification of this Stipulation and Order.  Upon the application of any party or non-party

25   seeking modification of this Stipulation and Order, the burden of showing good cause for

26   continuance of the confidentiality-related protections stipulated and ordered herein shall be on

27   the party seeking to continue such protections.

28

4

SC1 17089558.2

1    14.    This Stipulation shall be immediately binding upon a party when that party,

2  through counsel, executes this Stipulation.

3  DATED: January 24, 2008          LAW OFFICE OF NATHANIEL POTRATZ

4

5                                            By   /s/ National Potratz
6                                                 Nathaniel Potratz
                                            Attorneys for Plaintiff KATHI SHERWOOD
7
8  DATED: January 24, 2008          SEYFARTH SHAW, LLP

9

10                                           By   /s/ Diana R. Craig
                                                 Diana R. Craig
11                                           Attorneys for Defendants
                                            BLUE CROSS OF CALIFORNIA, erroneously
12                                           named as BLUE CROSS, and WAYNE
                                            DAHLGREN
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

SC1 17089558.2

1

## **ORDER**

2          For good cause shown,

3          IT IS HEREBY ORDERED that the terms of the Stipulation for Protective Order and

4    Protective Order set forth above shall govern confidentiality of discovery in this case until

5    further order of the Court.

6

7    DATED:  January 24, 2008.

8    _____
     DALE A. DROZD

9    UNITED STATES MAGISTRATE JUDGE

10

11   Ddad1/orders.civil/sherwood0633.protectord.rev

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation for Protective Order – Case No. 2:07 CV 00633 LKK DAD

SC1 17089558.2

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____, of _____ have read in its entirety

4 and understand the Stipulated Protective Order in the lawsuit of *Kathi Sherwood v. Blue Cross,*

5 *et al.*, Case No. 2:07-CV-00633.  I agree to comply with and to be bound by all the terms of this

6 Stipulated Protective Order.  I will not disclose in any manner any information or item that is

7 subject to this Stipulated Protective Order to any person or entity except in strict compliance

8 with the provisions of this Order.  If I am not a party to this dispute, I agree that the presiding

9 District Court Judge or Magistrate Judge may enforce this agreement at any time, including

10 following the conclusion of this matter, and that an action may be brought  in the United States

11 District Court for the Eastern District of California, Sacramento Division, to enforce the terms of

12 this Stipulated Protective Order, and I submit to the jurisdiction of both.

13

14 Date: _____

15 City and State where sworn and signed: _____

16 Printed name: _____

17 Signature: _____

18

19

20

21

22

23

24

25

26

27

28

7

SC1 17089558.2